UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| KADRICK D. GARRETT<br>    BOP #31878-034 | : | CIVIL ACTION NO. 14-2442<br>SECTION P |
| VERSUS | : | JUDGE TRIMBLE |
| C. MAIORANA | : | MAGISTRATE JUDGE KAY |

REPORT AND RECOMMENDATION

Before the court is a petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Kadrick D. Garrett (hereinafter "Garrett").  Garrett is an inmate in the custody of the Federal Bureau of Prisons and is incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO"). This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

I.

BACKGROUND

Garrett claims that he is entitled to credit against his federal sentence for time served in the custody of the United States Marshals Service (hereinafter "USMS"). Documentation provided by Garrett shows that he was arrested in Mississippi on April 15, 2010, and was released on bond on April 20, 2010.  Doc. 1, att. 2, p. 10.  He was then arrested in Louisiana on June 15, 2010, on

marijuana charges.  *Id.*  Garrett was sentenced in the twenty-Second Judicial District Court in Washington Parish, Louisiana, to three years imprisonment with credit for time served.  *Id.*

On February 1, 2011, Garrett was temporarily released to the custody of the USMS pursuant to a federal writ.  *Id.*  On October 11, 2012, while on federal writ, he was released on parole from Louisiana authorities to the USMS based on the federal charge.  *Id.*  He was sentenced on April 19, 2013, in the United States District Court for the Eastern District of Louisiana, to 115 months imprisonment for the distribution of cocaine base.  *Id.*  The federal judgment recommended that he receive credit for time served beginning February 2, 2011.  Doc. 1, att. 2, p. 14.

Herein, Garrett claims that he should receive credit towards his federal sentence for the time that he spent in federal custody from February 2, 2011, through April 10, 2013.  Doc. 1, att. 1, p. 3.

## I.
### LAW AND ANALYSIS

#### A.  *Proper Remedy*

A federal prisoner may challenge the manner in which his sentence is being executed by filing a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 in the judicial district where he is incarcerated. See *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001) and *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (explaining that the function of *habeas corpus* is to secure immediate or speedier release from unlawful imprisonment).

However, in order to state a claim for relief pursuant to 28 U.S.C. § 2241, a *habeas* petitioner must allege and establish that he is in custody in violation of the Constitution and laws of the United States.

**B.  Applicable Statute**

Garrett relies on 18 U.S.C. § 3585 to support his argument that he is entitled to credit against his federal sentence for his time spent in USMS custody.  Doc. 1, att. 1, p. 3.  That statute is entitled "Calculation of a term of imprisonment," and it provides in pertinent part:

> **(b) Credit for prior custody**.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
>> **(1)** as a result of the offense for which the sentence was imposed; or
>>
>> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C.A. § 3585 (West) (emphasis added).

Under the plain language of the statute, Garrett cannot obtain credit against his federal sentence for time served in the custody of the USMS if that time has already been credited to another sentence.  Garrett contends that he is entitled to credit from February 2, 2011, to April 10, 2013.  The documents produced by Garrett show that he received credit toward his state sentence from June 15, 2010, to October 11, 2012.  Doc. 1, att. 2, p. 7.  Garrett also received presentence credit toward his federal sentence from October 12, 2012, to April 18, 2013.  *Id.*  By enacting § 3585(b), Congress has made it clear that a defendant cannot receive double credit for his detention time. *United States v. Wilson*, 503 U.S. 329, 337 (1992).

In short, petitioner has not shown that his custody is in violation of the Constitution and laws of the United States and his claims should therefore be dimissed.

Accordingly, **IT IS RECOMMENDED** that Garrett's Application for Writ of Habeas Corpus under 28 U.S.C. § 2241 be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.

A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 20th  day of April, 2015.


_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE